In re ZUCKERMAN.

Patent Appeal No. 3156.

Court of Customs and Patent Appeals.

Dec. 23, 1933.

Percy S. Webster, of Stockton, Cal. (Chas. E. Riordon, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The alleged invention in this appeal relates to a method of washing and sacking potatoes, and is set out in the rejected claim 8 which follows:

"8. A method of handling potatoes com-

prising advancing a stream of potatoes, cleansing said advancing stream of potatoes with the aid of a liquid, continuing the stream of potatoes beyond the zone of the liquid and draining them and then forthwith moving the cleansed potatoes into clean containers."

The apparatus for carrying out the method, shown in the drawing, is made up of a number of fluid containing tanks with conveyors therein for conveying the potatoes first through a bath of liquid so as to remove certain undesirable material, and in then passing them through a washing bath wherein brushes act on the potatoes to wash off the soil, etc. They then pass through a bath of sterilizing liquid; the potatoes are then drained, and at the same time carried over sorting tables where they are sorted and placed in clean containers.

Appellant's single claim was rejected on the following references, Zuckerman, 1,361,-043, November 10, 1925; Wolpert (Fr.), 547,191, September 14, 1922, for want of patentability over the prior art, and also for the further reason that its allowance would be double patenting over one of appellant's prior patents, No. 1,561,043.

Appellant's prior patent discloses an apparatus for washing potatoes wherein the potatoes are carried through a washing bath, then through a sterilizing bath, and then past an air blast fan, which is said to thoroughly dry the potatoes before they are sorted into containers. One of the grounds of rejection was that the appealed claim is in such terms as to be directed to the same subject-matter and broader than the most relevant claim (claim 9) of the prior patent.

Appellant emphasized before the Board, and emphasizes here, that his instant method contemplates placing the potatoes in the containers while moist. The word "forthwith" in the claim is relied upon for this purpose, whereas in appellant's former method, above referred to, it was provided that the potatoes were to be thoroughly dried by an air blast.

The Board concluded that "it appears that the word 'forthwith' in the appealed claim is of such scope that it does not require that the potatoes be necessarily left wet." It was the opinion of the Board that to allow the claim would be to extend appellant's monopoly which he has enjoyed in the prior patent, and we concur in this conclusion. Moreover, as is pointed out by the Board, there is no definite or positive statement in the application that the potatoes are necessarily moist when they are placed in the containers after they have gone through the process.

The Wolpert reference, which forms the basis of the other ground of rejection, needs little discussion. It is a French patent, and discloses a machine for washing potatoes, in which a horizontally disposed trough-like receptacle is provided with a screw conveyor for advancing the potatoes through a bath of liquid. The Board described the Wolpert reference as follows:

" * * * The discharge end of the trough-like body has a slightly upwardly directed or inclined bottom which retains the liquid while allowing the potatoes to be pushed upwardly therefrom and discharged from the trough. The potatoes then enter a rotary sorting device where they are separated into three grades according to size. * * * " .

In discussing the reference the Board said:

" * * * Appellant has at considerable length set forth in the record wherein he constructed such device and found it impracticable. He alleges that the potatoes would not easily push up the inclined discharge chute but tended to bank at the end of the screw and that much muddy water discharged over the end of the trough with the few potatoes which were with difficulty discharged through the trough. While the exact showing as to the French patent may not be a completely practical device we think it is a clear disclosure of the broad method involved in the appealed claim of washing, sorting and sacking potatoes. We do not believe it is entirely inoperative but that it would be operative to a reasonable extent and illustrates such mechanism as could be easily remedied as to any slight difficulties encountered. Since we do not regard this patent as ineffective as a reference it follows that the appealed claim, which is directly readable thereon must be held not allowable on the ground of being anticipated."

We agree with the board in this particular and can see nothing inventive in appellant's structure over that of the reference Wolpert.

A new claim, No. 9, together with an amendment to the specification, was offered by appellant, and the Board refused to recommend that the same be entered on the ground that the claim and the amendment involved new matter. The claim is not set out in the decision of the Board, but the nature of the same is sufficiently described in the following discussion of it by the Board of Appeals:

"A new claim has been proposed which appears to be directed to the feature of plac-

ing the potatoes in the containers while in a moist condition. It does not, however, include such definite statement and therefore does not differ in merits from the present appealed claim. We think, however, that applicant is not entitled to a claim limited in this respect since it is not definitely set forth in the specification."

It seems that placing the potatoes in the containers while in a moist condition is the chief inventive novelty relied on by appellant, and we approve the action of the Board in refusing to enter the proposed claim, because of the well-known rule concerning inserting new matter or limitations in an application by amendment.

The appellant argues very earnestly that there is nothing in the way of new matter "in an enlargement of a specification in explanation of that already shown and specifically described." He further argues that "the mere fact that an applicant enlarges upon the detailed description and better explains the advantages of the invention as previously disclosed and described in his application does not make that enlargement or better explanation new matter. * * * *"

The difficulty with appellant's contention is that the new matter which he seeks to insert by amendment is the gist of the alleged invention, and which was not disclosed or claimed in his original application.

The decision of the Board of Appeals is affirmed.

Affirmed.